UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMAAL RUSS,

                Plaintiff,

v.

NIKE, INC.; STADIUM ENTERPRISES LLC,

                Defendants.

25-CV-2812 (DEH)

ORDER OF DISMISSAL

---

DALE E. HO, United States District Judge:

    Plaintiff Jamaal Russ, who appears *pro se*, filed this action on April 4, 2025.[1] He invokes the court's federal question jurisdiction and asserts claims under the Lanham Act and New York General Business Law. Plaintiff sues Nike, Inc. ("Nike") and Stadium Enterprises LLC, also known as Stadium Goods, for trademark infringement, false designation of origin, unfair competition, and dilution of trademark. Fourth Am. Compl. ("FAC") ¶¶ 16-24, ECF No. 9. For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees to bring an action, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).[2] The Court may also dismiss an action for failure to state a claim, "so long as the

---

[1] Although Plaintiff originally requested and was granted leave to proceed *in forma pauperis* ("IFP"), *see* ECF Nos. 2, 7, Plaintiff has since paid the fees to bring this action.

[2] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original).

## BACKGROUND

Plaintiff is the owner and operator of Denaro Puro LLC, which holds the trademark for "DENARO PURO" that is at issue in this action. FAC at 6, 2 ¶ 8. Plaintiff brings this action under the Lanham Act and New York General Business Law. He alleges specifically that Nike has "engaged in the unauthorized offering of footwear products that directly overlap with plaintiff's goods." FAC at 2 ¶ 9; Ex. A-B. Specifically, Plaintiff alleges that Nike infringed Denaro Puro LLC's "DENARO PURO" trademark when it used the marks "PURE MONEY" and "AIR MORE MONEY." FAC at 2 ¶ 8. Plaintiff further alleges that Stadium Goods infringed Denaro Puro LLC's trademark through resale of the Nike sneakers. FAC at 3 ¶ 9. Plaintiff also states that he has suffered the following injuries: "irreparable harm to Plaintiff's brand, reputation, business, customer goodwill, and natural being." FAC at 4 ¶ 14.

## DISCUSSION

The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of other individuals or entities. *See, e.g.*, *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). While "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart

from its owner[,] [u]nlike a sole proprietorship, a sole member limited liability company is a distinct legal entity that is separate from its owner." *Lattanzio*, 926 F.2d at 140. Thus, a limited liability company, including a sole-member or solely owned limited liability company, cannot appear in federal court without an attorney. *See id.* ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney."); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney).

Here, by asserting claims for relief based upon Denaro Puro's trademark, Plaintiff appears to be filing on behalf of Denaro Puro LLC. Plaintiff alleges that "the Defendants have made false designations of origin by using marks that are confusingly similar to the Plaintiff's," but the trademark is held by Denaro Puro LLC, not Mr. Russ. FAC at 4 ¶ 13; Ex. A. Because Denaro Puro is an LLC, it may appear in federal court only through a licensed attorney and cannot be represented *pro se* or by Mr. Russ, who does not allege he is a lawyer.

Plaintiff is entitled to assert claims for relief on his own behalf *pro se*. Mr. Russ alleges harms to himself, including to his "brand, reputation, business, customer goodwill, and natural being," as a result of the infringement. *Id.* ¶ 14. However, all of the causes of action in the Complaint arise from the alleged infringement of the trademark held by Denaro Puro LLC. *Id.* ¶¶ 16-25. Plaintiff cannot seek relief purely for the infringement of a trademark possessed by another entity, because in order to proceed *pro se*, "[a] person must be litigating an interest personal to him." *Iannaccone*, 142 F.3d at 558; *see* 28 U.S.C. § 1654. The Court therefore dismisses this action as frivolous.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The court dismisses this action without prejudice and without leave to amend. The Court dismisses Plaintiff's claims against Nike and Stadium Goods because the trademark holder for which claims have been brought is an LLC that cannot appear in federal court without a lawyer.

Plaintiff's motion to withdraw IFP status, ECF No. 10, is DENIED as moot because Plaintiff has since paid the filing fees.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 3, 2025
New York, New York

DALE E. HO
United States District Judge